[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
FINDINGS OF FACT
1. On May 22, 1991 the plaintiff presented its evidence to the undersigned finder of facts as to the defendant, Ronald C. Houle only, (hereinafter referred to as "the defendant") the matter having been stayed as to the defendant Ronald C. Houle, II by his filing of a bankruptcy petition. The defendant did not appear and offered evidence only through his counsel's cross information of the plaintiff's witness. Defendant was aware that the matter was on for trial.
2. The undersigned finds as fact the following:
(a) For approximately eighteen years the defendant has been a customer of the plaintiff, a duly authorized and incorporated Connecticut corporation.
(b) During this period the defendant has consistently portrayed his business as an unincorporated enterprise with the defendant being its owner or one of its owners.
(c) The payment terms had always been in accordance with the Plaintiff's invoice terms i.e. 1 1/2% service charge on unpaid balances over 30 days for an APR of 18% simple interest.
(d) The defendant has had an active, open account with the plaintiff since mid-1988.
(e) On diverse dates the defendant purchased and received various goods from plaintiff, per plaintiff's invoice (see Exhibit A), and made no payment for them.
(f) The principal sum minus credits for returns plus accumulated interest through February 20, 1990 was SEVEN THOUSAND SIXTY-THREE DOLLARS and SEVENTY NINE CENTS ($7,063.79) on the the open account. CT Page 4477
(g) The plaintiff, through its president, David A. Bacchiochi, specifically waived interest after this date despite a known right to claim it under the terms of the parties' agreement.
3. Based upon the foregoing findings, I hold in favor of the plaintiff on the plaintiff's Complaint in the amount of SEVEN THOUSAND SIXTY-THREE DOLLARS and SEVENTY NINE CENTS ($7,063.79) plus costs and interest at the statutory rate from the date of judgment by the Court.
DAVID H. HERRMANN FACT FINDER